IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RAFAEL GRACIAN                                                                           PLAINTIFF

v.                          Civil No. 05-5140

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                          DEFENDANT

## MEMORANDUM OPINION

Plaintiff Rafael Gracian brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income benefits (SSI) pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 416(i) and 423, and § 1602 of Title XVI, 42 U.S.C. § 1381a, respectively. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## Procedural and Factual Background

The plaintiff filed his application for DIB and SSI on May 30, 2003, alleging an onset date of July 2, 2002. (Tr. 48-50, 170-171.) The applications were initially denied (Tr. 22-23, 172) and those denials were upheld upon reconsideration (Tr. 24-25, 173). Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ). (Tr. 32.)

On December 14, 2004, a hearing was held by the ALJ. The plaintiff was represented by counsel at this hearing. (Tr. 177.) The ALJ issued an unfavorable ruling on February 25, 2005, deciding that the plaintiff was not disabled within the meaning of the Act. (Tr. 9-20.) The

plaintiff then requested a review of the hearing by the Appeals Council (Tr. 8), which denied that request on June 3, 2005 (Tr. 4-6); thus, the ALJ's decision became the final action of the Commissioner. The plaintiff filed his complaint with this court on August 9, 2005, seeking judicial review of that decision. (Doc. 1.) Both parties have filed appeal briefs with the court. (Docs. 7, 8.) This case is before the undersigned pursuant to the consent of the parties. (Doc. 4.)

At the time of the hearing, plaintiff was 58 years of age. (Tr. 181.) He alleges in his DIB and SSI applications that he is disabled under the Act due to Carpal Tunnel Syndrome (CTS), however at the hearing, plaintiff also claimed that he suffered from back pain (Tr. 188, 195-196), shoulder pain (Tr. 188, 195-196), CTS (Tr. 189, 195), left ankle pain (Tr. 189, 192, 194, 198), anxiety (192-193, 198-199), and depression (Tr. 193, 198-199). Plaintiff is a United States citizen who was born in Mexico. He completed high school in Mexico and is able to read and speak English, however he used a Spanish interpreter at the hearing. (Tr. 179, 181-182.) His past relevant work includes that of a poultry dressing worker, according to the vocational expert (VE). (Tr. 201.)

The ALJ found that plaintiff has a left ulnar sensory neuropathy that is considered "severe" for purposes of the Regulations, however the ALJ found that plaintiff retains the residual functional capacity (RFC) perform a significant range of medium level work including lifting 25 pounds frequently and 50 pounds occasionally and sitting, standing, and/or walking for a total of six hours each in an 8-hour workday. While the ALJ determined that plaintiff can not return to his past relevant work as a poultry dressing worker, using the testimony of the VE, the ALJ found that there are other jobs that plaintiff could make the vocational adjustment to,

AO72A
(Rev. 8/82)

including that of a housekeeper, for which there are 1.5 million jobs in the national economy and 7,000 jobs in Arkansas, and industrial cleaner, for which there are 1.25 million jobs in the national economy and 10,000 jobs in Arkansas.

On appeal, the plaintiff argues that the ALJ erred in (1) failing to consider his impairments in combination, (2) failing to properly consider his subjective complaints of pain and anxiety, and (3) failing to fully and fairly develop the record by not sending plaintiff for an orthopedic or mental examination. (Doc. 7.) In response, the Commissioner argues that (1) the ALJ properly considered plaintiff's impairments in combination, (2) the ALJ properly evaluated plaintiff's subjective complaints in accordance with *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984); and (3) the ALJ fully and fairly developed the record as it pertains to plaintiff's mental impairments and did not err in failing to order a mental status evaluation.

**Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the

AO72A
(Rev. 8/82)

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

AO72A
(Rev. 8/82)

**Discussion**

The plaintiff first claims that the ALJ erred in failing to consider plaintiff's impairment in combination when making the disability determination. *See* 20 C.F.R. § 404.1523 ("[W]e will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.") In the decision, the ALJ notes, after finding plaintiff's left ulnar sensory neuropathy a severe condition, that he is required to consider "all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" in making the claimant's residual functional capacity (RFC) assessment. (Tr. 14.) The ALJ then goes on to discuss the medical evidence presented concerning plaintiff's CTS, ulnar neuritis, anxiety, depression, and conditions with his feet. (Tr. 14-16.) The ALJ also discusses why he discredits plaintiff's reported, limited daily activities. The ALJ then notes that the RFC assessment is "[b]ased on a careful review of the objective medical evidence of record as a whole." (Tr. 17.) Here, where the ALJ did analyze each physical impairment, discussed the mental impairments, and explained his reason for discrediting plaintiff's described daily activities, the ALJ has met the requirement for considering the plaintiff's impairments in combination. *See Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992.)

Next, the plaintiff asserts that the ALJ failed to consider his subjective complaints, as required under *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984). Specifically, the plaintiff contends that the ALJ disregarded his subjective complaints of anxiety and depression and his subjective complaints of pain. (Doc. 7.) Because of the difficulty in evaluating medical symptoms such as pain and suffering, guidelines have been established for evaluating a

claimant's subjective complaints. Factors to be considered include the claimant's daily activities; the duration, frequency, and intensity of the pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions. *See Polaski*, 739 F.2d 1322. The ALJ may discount subjective complaints of physical and mental health problems that are inconsistent with medical records, daily activities, and other such evidence. *See Gwatheny v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997).

Here the ALJ expressly noted his obligation to consider the *Polaski* factors (Tr. 14), and explained why he was discrediting plaintiff's subjective complaints. Regarding plaintiff's allegations of depression and anxiety, the ALJ noted that while plaintiff had be prescribed medications by non-mental health professionals as far back at November 2002, the medical evidence reflects that plaintiff did not obtain regular refills of those medications and, in fact, had "done for relatively long periods of time without refills of those medications." The ALJ further noted that while a physician prescribed Zoloft in 2002 for plaintiff's anxiety, there was no evidence that the anxiety precluded plaintiff from working in the past or the future. The ALJ noted that the therapist at the Ozark Guidance Center (OGC) assigned a Global Assessment of Functioning score of 50, which indicates serious impairment in social, occupational, or school functioning. *See Diagnostic and Statistical Manual of Mental Disorders*, 32 (4th Ed. 1994.) However, the ALJ found that the score was inconsistent with the therapists other findings that plaintiff was able to maintain adult appropriate speech, conversation, thoughts, and behaviors; that he was oriented to person, place, and time; had good self-awareness and was willing to take responsibility for his actions; and that he had good activities of daily living. (Tr. 166.) Despite receiving the GAF score on October 12, 2004, plaintiff reported working from September 2004

until December 2004. Therefore, the ALJ did not err in his assessment of plaintiff's mental complaints.

Additionally, there is extensive evidence to discredit plaintiff's subjective complaints of pain. While plaintiff alleged an onset date of July 2, 2002, he reported to his doctor on September 11, 2002, that he was exercising by jogging four miles daily and then exercises for an hour each morning. (Tr. 90.) Plaintiff also reported in November 2002 that he was lifting weights regularly. (Tr. 84.) Such daily activities contradict plaintiff's subjective complaints of pain. The ALJ did not err in considering either plaintiff's mental or physical subjective complaints.

Finally, the plaintiff argues that the ALJ failed to fully and fairly develop the record when the ALJ failed to order consultative orthopedic and mental examinations. The ALJ has a burden to fully and fairly develop the record, independent of the claimant's burden to press his case. This duty extends to cases where an attorney represents the claimant at the administrative hearing. *See Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). "[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994). "It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make informed decision." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir. 1992).

Here, there was sufficient evidence in the record to allow the ALJ to make an informed decision. The ALJ had for review numerous medical reports from treating physicians and consulting physicians. (Tr. 80-110, 112-121, 134-141, 143-156.) Also, the ALJ had the mental

AO72A
(Rev. 8/82)

health professional's notes from the OGC (Tr. 157-168) as well as plaintiff's responses to the social security questionnaire (Tr. 58-67). Therefore, the ALJ did not err in failing to send the plaintiff for consultative examinations as there is sufficient evidence in the record for the ALJ to make an informed decision.

**Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the plaintiff benefits, and thus the decision should be affirmed and plaintiff's complaint should be dismissed with prejudice.

DATED this 5th day of July 2006.

                                        **/s/ Beverly Stites Jones**
                                        _____
                                        HON. BEVERLY STITES JONES
                                        UNITED STATES MAGISTRATE JUDGE